# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 7-ELEVEN, INC., <br>             Plaintiff, <br><br>    v. <br><br> MILIND L. UPADHYAYA, MINAXI M. UPADHYAYA, MINAXI ENTERPRISES, INC., GIRMA GASISA and GETACHEW AYANA, <br>             Defendants. | CIVIL ACTION <br><br><br><br> NO. 12-5541 |

## O R D E R

**AND NOW,** this 1st day of March, 2013, upon consideration of Plaintiff's Motion for a Temporary Restraining Order and Mandatory Preliminary Injunction (Document No. 9, filed October 9, 2012), treated by the Court as a Motion for Permanent Injunction,[1] Defendants' Response in Opposition to Plaintiff's Application for Injunctive Relief (Document No. 18, filed November 29, 2012), Defendants' Proposed Findings of Fact and Conclusions of Law (Document No. 20, filed November 29, 2012), Plaintiff's Proposed Findings of Fact and Conclusions of Law (Document No. 21, filed November 29, 2012), 7-Eleven's Supplemental Hearing Brief on the Issue of Non-Curability of the Terminated Franchisees' Defaults Under the Franchise Agreement (Document No. 23, filed November 29, 2012), the Parties' Uncontested Facts (Document No. 24, filed December 6, 2012), Plaintiff's Proposed Post-Hearing Findings of Fact and Conclusions of Law (Document No. 32, filed January 15, 2013), Plaintiff's Post-Hearing Brief (Document No. 33, filed January 15, 2013), Defendants' Post-Hearing Proposed Findings of Fact and Conclusions of Law (Document No. 34, filed January 29, 2013) and Defendants' Post-Hearing

---

[1] By agreement of the parties the Court considers the Motion for Mandatory Preliminary Injunction as a Motion for Permanent Injunction.

Brief (Document No. 35, filed January 29, 2013), following a Hearing on December 11-14, 2012, for the reasons set forth in the Memorandum dated March 1, 2013, **IT IS ORDERED** that Plaintiff's Motion for a Permanent Injunction is **GRANTED**.[2]

**IT IS FURTHER ORDERED** as follows:

1. Franchisee-defendants,[3] their agents, servants and employees, and those people acting in concert or participation with such defendants, shall surrender possession to 7-Eleven, Inc. ("7-Eleven") and shall be ejected from the 7-Eleven convenience store premises and facilities located at 106 S. 38th Street, Philadelphia, Pennsylvania (the "Store");

2. The Franchise Agreement dated June 1, 2004[4] between plaintiff and franchisee-defendants is terminated. Franchisee-defendants shall comply with any post-termination obligations set forth in the Franchise Agreement.

3. The surrender of possession ("Surrender Date") shall take place on a date and time designated by 7-Eleven on not less than 48-hours' notice to defendants' counsel, provided the Store remains open for business from the date and time of this Order until the Surrender Date. Should franchisee-defendants abandon the Store, 7-Eleven may take immediate possession of the Store without further notice.

4. Defendants are enjoined from:

(i) Removing inventory from the Store or selling inventory other than in the ordinary course of business;

---

[2] The parties did not brief the question of whether the Court should order a bond in favor of franchisee-defendants covering their investment in inventory and other assets. The Court concludes under the circumstances of this case that a bond is not required.
[3] The Court refers sometimes to Minaxi Enterprises, Inc., Milind Upadhyaya, and Minaxi Upadhyaya as "franchisee-defendants."
[4] This is the date included in the Parties' Uncontested Facts. However, the Franchise Agreement itself is dated May 4, 2004. The difference in dates is of no legal significance.

(ii) Failing to cause all sales of inventory to be properly recorded at the time of sale at the retail price reported to 7-Eleven;

(iii) Failing to turn over all receipts to 7-Eleven;

(iv) Removing or destroying any store-related records;

(v) Failing to preserve, protect and maintain all documents in their possession or under their control concerning the subject matter of this action, including, without limitation, all books and other documents including "personal sets" of books, concerning sales, purchases and payments to workers at the Store.

5. In effecting the surrender of the Store, plaintiff and franchisee-defendants shall comply with the Close Out Procedure set forth in paragraph 28 of the Franchise Agreement (Ex. 1, SEI 32), except that neither defendants nor plaintiff shall be required to execute any release of their respective claims against the other(s).

6. Following their surrender of the Store, defendants, their agents, servants and employees, and those people acting in concert with defendants are permanently enjoined and restrained from:

(i) Using the 7-Eleven service mark, related trademarks, or any trademark, service mark, logo or trade name that is confusingly similar to the 7-Eleven marks;

(ii) Otherwise infringing the 7-Eleven mark or using any similar designation, alone or in combination with other components;

(iii) Passing off any of their products or services as those of 7-Eleven or 7-Eleven's authorized franchisees;

(iv) Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products or services; and

3

(v) Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with 7-Eleven and its franchisees or any of 7-Eleven's products or services.

**IT IS FURTHER ORDERED** that a conference to schedule proceedings with respect to the parties' remaining claims will be scheduled in due course.

                                                **BY THE COURT:**

                                          /s/ Hon. Jan E. Dubois_____
                                              **JAN E. DUBOIS, J.**